MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Evelyn Yolany Pena Sandoval,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No.   CV-26-02553-PHX-SPL (JZB)

**ORDER**

On April 13, 2026, self-represented Petitioner Evelyn Yolany Pena Sandoval, who is confined in the Eloy Detention Center, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) challenging her immigration detention.  The Court will dismiss without prejudice the Petition and this action.

Petitioner is a citizen of Honduras who entered the United States in 2019 and was detained by Immigration and Customs Enforcement officials on December 7, 2025.  On March 26, 2026, an immigration judge ordered her removed to either Honduras or Mexico.  That same day, Petitioner waived her right to appeal.

Petitioner contends her continued detention violates the Fifth Amendment Due Process Clause and exceeds the presumptively reasonably period recognized in *Zadvydas v. Davis*, 533 U.S. 678 (2001).  She also alleges there is a lack of medical attention in the detention facility and her "circumstances are extreme due to her advanced pregnancy."

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days."  8 U.S.C. § 1231(a)(1)(A).  During the

90-day removal period, continued detention is mandatory. 8 U.S.C. § 1231(a)(2). "[A]n alien ordered removed whose removal is not reasonably foreseeable cannot raise a colorable claim for release under the Due Process Clause of the Fifth Amendment until at least 90 days of detention [under § 1231(a)(2)] have passed." *Khotesouvan v. Morones*, 386 F.3d 1298, 1299 (9th Cir. 2004). Because Petitioner filed her § 2241 Petition during the 90-day removal period, the Court will dismiss the Petition and this action. *Id*. at 1301 ("Because petitioners filed their habeas petitions during the 90-day removal period, the district court correctly dismissed the petitions.").

Moreover, the Court will dismiss Petitioner's medical care claim because it arises, if at all, under civil rights law, not habeas corpus law. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on the circumstances of confinement may be presented in a [civil rights] action.") (citation omitted).

**IT IS ORDERED:**

(1)     Petitioner's § 2241 Petition (Doc. 1) and this action are **dismissed without prejudice**.

(2)     The Clerk of Court shall enter judgment accordingly and close this case.

Dated this 16th day of April, 2026.

_____
Honorable Steven P. Logan
United States District Judge

- 2 -